IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZAHID KHAN, | ) | |
| AND ALL OTHERS | ) | |
| SIMILARLY SITUATED | ) | CIVIL ACTION |
|     Plaintiffs | ) | FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC. | ) | JURY DEMANDED |
|     Defendant | ) | |
| | ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

NOW COME PLAINTIFF, ZAHID KHAN, and all others similarly situated and complain of Defendant CVS PHARMACY, INC. (hereinafter referred to as "Defendant" or "CVS"), and for cause of action would show the Court as follows:

**I.
INTRODUCTION**

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendant's willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff, and all others similarly situated, in the course of their employment with the Defendant.

3. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## II.
## JURISDICTION AND VENUE

4. Plaintiff brings this action on behalf of Plaintiff and the Plaintiff class to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute by which this Court has jurisdiction over these claims.

5. The Court also has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

6. Furthermore, the Court has supplemental jurisdiction over Texas state law. Any state law claims alleged now, or in the future, are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

8. Plaintiff, Zahid Khan, is a resident of Harris County, Texas. Plaintiff was an employee of Defendant within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Plaintiff worked as a 'Sales Associate' for work weeks of more than forty hours.

9. The 'Members of the Class' are all current and former non-exempt workers who are or were employed by Defendant during the three-year period preceding the filing of this complaint. Like Mr. Khan, these persons engaged in commerce or in the production of goods for commerce in performing their duties for the Defendant.

10. Defendant CVS Pharmacy, Inc., is a validly existing foreign Rhode Island corporation registered with the Texas Secretary of State. The Defendant may be served with process by serving its duly appointed registered agent – C T Corporation System, at 350 St. Paul

Street, Dallas, Texas 75201.  The Defendant, along with its subsidiaries, is an enterprise engaged in commerce or the production of goods for commerce.  Furthermore, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Khan and Members of the Class.

11.    Whenever in this complaint it is alleged that the above named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## CLASS ALLEGATIONS

12.    Plaintiff Zahid Khan files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

13.    The class that Plaintiff seeks to represent may be described as follows:

> **All current and former hourly workers who were employed as 'Sales Associates' by Defendant during the three-year period preceding the filing of this complaint.**

14.    Plaintiff seeks to represent only those Members of the Class who, after appropriate notice of their ability to opt into this action, have given consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

15.    Persons that choose to opt-in will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

16.    Plaintiff contends that this action is appropriate for collective action status because the Defendant has acted in the same manner with regard to all Members of the Class.

## V.
## FACTS

17. At all times relevant to this action, Defendant has been subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq*.

18. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

19. Defendant employed Plaintiff Khan from October 15, 2006, until December 27, 2007, at CVS pharmacy store number 6711 located in Houston, Texas. Defendant also employed Plaintiff at a CVS pharmacy store located in Florida from April 12 2008, until July 14, 2008.

20. During the period of employment, Plaintiff worked for Defendant as a 'Sales Associate', and was paid at the rate of $7.50 per hour.

21. As a Sales Associate, Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it and Defendant's management demanded it.

22. Specifically, Plaintiff maintained the CVS store, unloaded inventory from trucks, stocked the inventory, rang up sales, and tended to customer inquiries.

23. During most work-weeks, Plaintiff worked in excess of 40 hours per week. During these hours worked, Plaintiff has performed the functions of Plaintiff's job, which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and Defendant's management demanded it.

24. Similarly, during at least the past three years, all of the Sales Associates at all CVS pharmacy locations across the United States have routinely been required to work in excess of 40 hours per week to perform the function of their job that included the performance of duties

otherwise typically performed by "hourly" paid non-exempt employees.

25. Defendant required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they were either not paid at all, or were paid in subsequent work-weeks at straight-time pay rates.

## VI.
## CLAIM FOR RELIEF
**(Unpaid overtime compensation under the FLSA)**

26. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

27. Plaintiff Zahid Khan and all others similarly situated are considered non-exempt employees.

28. Plaintiff Khan and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

29. During his employment with Defendant, Plaintiff routinely worked more than 40 hours a week.

30. Defendant did not pay Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for many of those hours they worked in excess of 40 per week.

31. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

32. Defendant has not made a good faith effort to comply with the FLSA, and has thus violated the requirements of the federal statute.

33. In further violation of the FLSA, Defendant has failed to maintain accurate and contemporaneous employee work records, including the number of hours worked per workweek by Plaintiff and by all other similarly situated employees.

34. Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

35. No exemption excused the Defendant from paying Plaintiff and all others similarly situated, overtime pay for hours worked over forty (40) per week.

36. Rather, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiff and to all others similarly situated.

37. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

38. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as allowed by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

39. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

40. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

41. Thus, from discussion with Defendant and co-workers, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

42. Other, similarly situated employees are being denied their lawful wages.

43. Accordingly, Defendant's pattern and practice of failing to pay the employees' overtime pay (at time and one-half) as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Members of the Class.

44. Thus, Plaintiff's experience is typical of the experience of the Members of the Class.

45. The specific job titles or job requirements of the various Members of the Class do not prevent collective treatment.

46. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

47. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

48. All persons either currently or formerly employed by the Defendant who at any time since the date that is three years prior to the date of filing of this action were denied overtime pay for hours worked in excess of forty (40) in any given work-week are properly included as Members of the Class.

## VIII.
## ATTORNEY FEES

49. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

50. Plaintiff Zahid Khan, and all others similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

# IX.
# JURY DEMAND

51. Plaintiff Zahid Khan, and all others similarly situated, herein make a formal demand for a jury trial.

# X.
# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Zahid Khan and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendant has violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b. Enjoin Defendant from failing to pay Plaintiff, and all others similarly situated, at one and one half times their regular hourly rates for all hours in excess of 40 worked in each seven-day work period.

c. Order Defendant to pay Plaintiff, and all others similarly situated, the difference between what they should have received for overtime hours worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages.

d. Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendant.

f. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff Zahid Khan, and to all other similarly situated employees of the Defendant.

                    Respectfully submitted,

                    **ALI S. AHMED, P.C.**

By:    /s/ Salar Ali Ahmed
        **Salar Ali Ahmed**
        Federal Id. No. 32323
        State Bar No. 24000342
        One Arena Place
        7322 Southwest Freeway, Suite 1920
        Telephone:   (713) 223-1300
        Facsimile:    (713) 255-0013

        **ATTORNEY FOR PLAINTIFF
        ZAHID KHAN**